**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

RAYMOND DAVID PHILLIPS,

     Petitioner,

v.                                                            Case No. 2:25-cv-2548-MSN-cgc

WARDEN, FCI MEMPHIS,

     Respondent.

_____

**ORDER DENYING MOTION FOR LEAVE TO FILE SUR-REPLY AND
SUPPLEMENTAL EXHIBITS, GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING § 2241 PETITION WITH PREJUDICE,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO PROCEED _IN FORMA PAUPERIS_ ON APPEAL**

_____

Before the Court is the _pro se_ Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner Raymond David Phillips, Bureau of Prison ("BOP") register number 35315-510, an inmate at the Federal Correctional Institution in Memphis, Tennessee. (ECF No. 2.)  Respondent Warden filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss").  (ECF No. 9.)  Phillips filed a response.  (ECF No. 11.)  The Warden filed a reply.  (ECF No. 13.)  On August 28, 2025, Phillips filed a Motion for Leave to File a Sur-Reply and Supplemental Exhibits attaching his sur-reply as an exhibit. (ECF Nos. 14, 14-1.)  The Warden filed an Objection and Response to Petitioner's Motion to File Sur-Reply. (ECF No. 15.)  Phillips' Motion for Leave to File a Sur-Reply is **DENIED**.  The Warden's Motion to Dismiss is **GRANTED**, and the § 2241 Petition is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Phillips pleaded guilty to one count of arson, in violation of 18 U.S.C. § 844(i), one count of animal crushing in Indian country, in violation of 18 U.S.C. §§ 48, 1151, and 1152, and two counts of simple assault in Indian country.  (*United States v. Phillips*, No. 6:22-cr-00145-JFH (E.D. Okla.), ECF No. 85.)  On April 16, 2024, the Court in the Eastern District of Oklahoma sentenced Phillips to seventy months of imprisonment for arson, to forty-one months for animal crushing, and to six months on each count of simple assault, with all sentences to be served concurrently, for an aggregate 70-month sentence, followed by a three-year term of supervised release.  (*Id*. at PageID 2–3.)  Phillips did not file a direct appeal.

On May 29, 2025, Phillips filed the instant § 2241 Petition.  (No. 2:25-cv-02548, ECF No. 2.)  Phillips alleges that the BOP has unlawfully denied him eligibility to "earn and apply for" First Step Act ("FSA") earned time credits.  (*See id*. at PageID 2.)

On July 8, 2025, the Warden filed a Motion to Dismiss the § 2241 Petition under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]  (ECF No. 9.)  The Warden's motion is supported by the Declaration of Robin Eads, a BOP Paralegal Specialist with access to Phillips' official records, including his SENTRY Report, which is attached as an exhibit.[2]  (ECF Nos. 9-1 & 9-3.)

The Warden argues that the Court should dismiss the § 2241 Petition based on Phillips' failure to exhaust his administrative remedies with the BOP.  (ECF No. 9 at PageID 38–42.)

---

[1] Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") permit a respondent to file a response, including a motion to dismiss, to a petition for writ of habeas corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions.  *See* Habeas Rule 1(b).

[2] According to Eads' declaration, SENTRY is "a computer database that contains inmates' personal data, administrative remedy history, sentence computation, disciplinary history, housing assignments, and other pertinent information."  (ECF No. 9-1 at PageID 45.)

2

Alternatively, the Warden argues that the § 2241 Petition should be denied on the merits because, under 18 U.S.C. § 3632(d)(4)(D), Phillips' arson conviction renders him ineligible to receive FSA earned time credits.  (*Id*. at PageID 42–43.)

On July 17, 2025, Phillips filed a response to the Motion to Dismiss.  (ECF No. 11.) Phillips argues that his failure to exhaust should be excused because the administrative remedy process has been rendered futile.  (*Id.* at PageID 59.)  Phillips argues that the Warden "misconstrues" § 3632(d)(4)(D)(xix) and that Phillips' § 844(i) conviction does not disqualify him from earning FSA time credits or Residential Drug Abuse Program ("RDAP") benefits.[3]  (*Id.* at PageID 61.)  Phillips argues that the sentencing court recommended RDAP placement and the ability to earn FSA credits.  (*Id.* at PageID 64–66.)  Phillips also argues that, after the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), the BOP's interpretation of § 3632(d)(4)(D)(xix) exceeds statutory authority and is not entitled to deference. (*Id.* at PageID 66.)

On July 31, 2025, the Warden filed a reply in support of the Motion to Dismiss.  (ECF No. 13.)  The Warden argues that Phillips' failure to exhaust should not be excused; that Phillips' claim that he is entitled to RDAP benefits has been waived and is not exhausted, that Phillips is not entitled to participate in RDAP; that recommendations of a sentencing court are not binding on the BOP; that Phillips misconstrues § 3632(d)4)(D)(xix) and § 844(i); and that *Loper Bright* does not provide Phillips with a basis for relief.  (*Id.* at PageID 81.)

### **MOTION FOR LEAVE TO FILE SUR-REPLY**

On August 28, 2025, Phillips filed a Motion for Leave to File a Sur-Reply and Supplemental Exhibits.  (ECF No. 14.)  Phillips argues he needs to file a sur-reply because of "new

---

[3] Phillips § 2241 petition does not contain an RDAP claim.  (*See* ECF No. 2.)

evidence and arguments" raised by the Warden in his reply. (*Id.* at PageID 100.)  On September 3, 2025, the Warden filed an Objection and Response to Petitioner's Motion to File Sur-Reply. (ECF No. 15.)  The Warden argues that Phillips' motion should be denied because it is untimely, raises new arguments, addresses arguments already made, and does not address new arguments made by the Warden in his reply. (*Id.* at PageID 124.)

The Local Rules do not provide for the filing of any legal memoranda beyond a reply. (*See* Local Rules 7.2(b), (c) & 12.1(c).)  Generally speaking, sur-replies are "highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (internal quotation marks and citation omitted).  A court will grant leave to file a sur-reply "only in extraordinary circumstances after [a] showing of good cause." *Id.* at n.19 (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999)).

Phillips' proposed sur-reply impermissibly presents new evidence and arguments that he did not present in his § 2241 Petition or his response to the Motion to Dismiss, and it reargues the same or similar points raised in his response. (*Compare* ECF Nos. 2 & 11, *with* ECF No. 14-1.)

Phillips has failed to show good cause for filing a sur-reply.  Phillips' motion for leave to file a sur-reply is **DENIED**.

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When considering a motion to dismiss, the Court accepts all well-pleaded allegations as true and construes the record in the light most favorable to

the non-moving party. *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

"A district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss under Rule 12(b)(6). *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A court may, however, consider exhibits attached to the petition as well as exhibits attached to the motion to dismiss "so long as they are referred to in the Complaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

### A.    Statutory Eligibility to Receive FSA Time Credits

Under 18 U.S.C. § 3632(d)(4)(D), a prisoner is prohibited from earning FSA earned time credits "if the prisoner is serving a sentence for a conviction" for a disqualifying offense. A conviction for arson under § 844(i) is a disqualifying offense. § 3632(d)(4)(D)(xix). Phillips was convicted of arson, in violation of 18 U.S.C. § 844(i). (ECF No. 9-2 at PageID 50.)

Phillips argues incorrectly that 18 U.S.C. § 844(i) does not appear in the list of disqualifying offenses in § 3632(d)(4)(D). (*See* ECF No. 2 at PageID 6.) Phillips' argument that his offense "did not involve the use of explosives" or the "malicious or criminal misuse of fire" is incorrect and misunderstands the statute. (*See* ECF No. 11 at 61-62.) The statute is clear that having any conviction for a 18 U.S.C. § 844(i) offense renders the prisoner ineligible for FSA

credits.  *See* 18 U.S.C. §3632(d)(4)((D)(xix); *see Prevatte v. Garza*, No. 4:23-CV-00039, 2024 WL 1347341, at \*3 (N.D. Ohio Mar. 29, 2024) ( "[T]his case involves a simple reading of the First Step Act's statutory text, which unambiguously puts Petitioner on notice that a conviction under 18 U.S.C. § 844(i) specifically disqualifies him from receiving time credits toward his sentence.").

Phillips argues that, after the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), the Court should no longer defer to the BOP's statutory interpretations of ambiguous statutes.  (ECF No. 11 at PageID 67–68.)  The Supreme Court's decision in *Loper Bright* does not impact the outcome in Phillips' case.

*Loper Bright* overruled *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), which permitted courts to defer to agency interpretations of statutes when faced with statutory ambiguity.  *Loper Bright*, 603 U.S. at 412–13.  Here, the FSA is not ambiguous, and Congress expressly provided that prisoners with § 844(i) convictions are "ineligible to receive time credits."  § 3632(d)(4)(D)(xix).  Where the text is not ambiguous, courts must apply the plain meaning of a statute.  *Bates v. Dura Automotive Sys., Inc.*, 625 F.3d 283, 285 (6th Cir. 2010) ("When we can discern an unambiguous and plain meaning from the language of a statute, our task is at an end." (internal quotation marks omitted) (*quoting Bartlik v. U.S. Dep't of Labor*, 62 F.3d 163, 166 (6th Cir. 1995))).

For the reasons explained above, the Warden's Motion to Dismiss is **GRANTED**, and the § 2241 Petition is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.[4]

---

[4] Because the Court agrees with the Warden's alternative argument that the § 2241 Petition can be dismissed on the merits because Phillips is statutorily ineligible to receive FSA time credits under § 3632(d)(4)(D), the Court need not resolve the exhaustion issue.

## APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition.  *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917.  To appeal *in forma pauperis* in a § 2241 proceeding, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a).  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  But Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must move to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a)(4)-(5).

Because Phillips is statutorily ineligible to receive FSA time credits, the Court finds that any appeal would not be taken in good faith.  The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Phillips leave to appeal *in forma pauperis*.[5]

   **IT IS SO ORDERED**, this 17th day of March, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[5] If Phillips files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.